BANNER CIGAR MANUFACTURING CO. *v.* TREUSCH.

GARNISHMENT—FRAUDULENT CONVEYANCES—INQUIRY AS TO FINANCIAL CONDITION—DECEPTIVE CONDUCT.

*1. *Held,* for the same reasons that are given in *Gumberg* v. *Treusch,* 103 Mich. 543, that the question of *bona fides* of the indebtedness between the defendants and one Lustig was properly left to the jury.

2. Where the representative of a commercial agency applied to defendants for a statement of the financial condition of Lustig, and the defendants produced his account upon their own books, and exhibited that to him as a statement of his financial condition, *held,* that defendants were bound to state to such agent the indebtedness of Lustig, which did not appear upon the books, if known to them.

Error to Kent; Adsit, J. Submitted October 12, 1900. Decided November 13, 1900.

Garnishment proceedings by the Banner Cigar Manufacturing Company against Morris H. Treusch and Emanuel Treusch, as garnishees of Jacob Lustig. From a judgment for plaintiff, defendants bring error. Affirmed.

The transactions involved in this case are the same as those in *Gumberg* v. *Treusch,* 103 Mich. 543 (61 N. W. 872), 110 Mich. 451 (68 N. W. 236), and *Treusch* v. *Ottenburg,* 4 C. C. A. 629 (54 Fed. 867). The record in this case is identical with that in 103 Mich., except in the

---

* Head-notes by GRANT, J.

names of the plaintiffs. The plaintiff in this case stands in the same position as did Mr. Gumberg, and seeks recovery upon the same state of facts. For a full and complete statement we refer to that case.

*William F. McKnight* and *Knappen & Kleinhans,* for appellants.

*Rood & Hindman,* for appellee.

GRANT, J. (*after stating the facts*). 1. The court left to the jury the determination of the question whether the indebtedness from Lustig to the Treusches was *bona fide.* This is assigned as error. We are unable to agree with the learned counsel that the *bona fides* of this indebtedness is conclusively shown. This question was submitted to the jury in the *Gumberg Case,* and we held that it was properly submitted. We now so hold for the reasons there given.

2. Upon the representations made by the defendants to the representative of Bradstreet's Agency in regard to Lustig's debts, the court instructed the jury as follows:

"If you find those claims of the plaintiff established to your satisfaction, as a matter of law it was Treusch's duty to have informed Mr. Idema of Lustig's indebtedness to himself, and any other indebtedness he knew Lustig to be owing; and his failure to do so cannot be excused because Mr. Idema did not ask him about it. Treusch would then be in a position where it would be his duty to speak."

The objection made to this is that there was no evidence to show that Mr. Idema asked Treusch about Lustig's indebtedness, but only asked him to state what Lustig had in his business. Mr. Idema testified that he asked Mr. Treusch for a statement of Mr. Lustig's financial condition, and—

"He turned me over the books, and I copied this statement from the books. * * * Treusch told me that Lustig had in the neighborhood of $8,000 to $10,000 capital in his business. On this statement I gave Lustig a rating of from $5,000 to $10,000. * * * Three months

before Lustig failed, I had a talk with M. H. Treusch. Treusch said he had no reason to change his former opinion."

There was evidence to show that Mr. Treusch knew all about Mr. Lustig's financial condition, and knew the purpose for which Mr. Idema interviewed him, and that his representations were to be made the basis for the commercial rating of Mr. Lustig. Mr. Lustig at that time was worth practically nothing, and the jury would be justified in believing that Mr. Treusch knew it. The court properly held that Mr. Treusch was in a position where it was his duty to speak. Mr. Treusch must have known that, without a statement of his indebtedness, Mr. Lustig could have no sound basis for a commercial rating. The bare reference to his books, which showed a capital of about $8,000 aside from debts, was as deceptive as would have been a positive statement.

3. It is urged that undue prominence was given to the plaintiff's claims and theories in the charge of the court. We think otherwise. The charge fully stated the claims and theories of each party.

4. Two assignments of error are based upon the admission of testimony. We find no error in the rulings of the court.

Judgment affirmed.

The other Justices concurred.